**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| KELLY THOMAS, | |
| Plaintiff, | |
| v. | Case No.: 4:20-cv-03612 |
| LIFE PROTECT 24/7, INC., d/b/a LIFE PROTECT 24/7, | |
| Defendant. | |

## DEFENDANT LIFE PROTECT 24/7, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

Defendant Life Protect 24/7, Inc. ("Life Protect") respectfully moves this Court to dismiss Plaintiff's First Amended Complaint [Dkt. No. 9] ("Amended Complaint") under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) ("Motion") with prejudice. In support of this Motion, Defendant relies on its Memorandum in Support Thereof set forth as follows:

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDING ................................................. 2

STATEMENT OF FACTS ......................................................................................... 2

STATEMENT OF ISSUES AND STANDARDS OF REVIEW ............................ 3

     I.     Whether this Court lacks subject matter jurisdiction, thus requiring dismissal under Rule 12(b)(1) ................................................ 3

     II.    Whether this Court lacks personal jurisdiction over Life Protect, thus requiring dismissal under Rule 12(b)(2) ...................................... 4

     III.   Whether Plaintiff has failed to state a claim for relief, thus requiring dismissal under Rule 12(b)(6) ...................................... 5

ARGUMENT ............................................................................................................... 6

     I.     Rule 12(b)(1) Challenge – Lack of Subject Matter Jurisdiction .......... 6

          A.    Summary of Argument ............................................................. 6

          B.    Plaintiff has not plausibly alleged an injury in fact sufficient to confer Article III standing .................................... 6

          C.    Count I also fails because § 227(b) of the TCPA was unconstitutional ........................................................................... 9

     II.    Rule 12(b)(2) Challenge – Lack of Personal Jurisdiction ................. 12

          A.    Summary of Argument ......................................................... 12

          B.    This Court lacks personal jurisdiction over Life Protect because it is not "at home" in Texas and because Plaintiff fails to allege Life Protect has sufficient minimum contacts with Texas .............................................................. 13

               1.    Life Protect is not subject to general personal jurisdiction in Texas ....................................................... 13

               2.    Life Protect is not subject to specific personal jurisdiction in Texas ....................................................... 13

                     i.    Plaintiff fails to allege Life Protect purposefully availed itself to jurisdiction in Texas ................................................................. 16

# TABLE OF CONTENTS
## (continued)

**Page**

        ii.    Plaintiff fails to allege her claims are sufficiently related to Life Protect's alleged contacts with Texas .............................................. 17

III.    Rule 12(b)(6) Challenge – Failure to State a Claim for Relief .......... 18

    A.    Summary of Argument ............................................ 18

    B.    Count III fails because Plaintiff does not allege the requisite elements to bring a private right of action for an alleged violation of § 302.101 ................................................ 18

CONCLUSION ...................................................................... 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alpine View Co. Ltd. v. Atlas Copco AB*,
205 F.3d 208 (5th Cir. 2000) ..............................................................................5

*Barr v. Am. Ass'n of Political Consultants*, *Inc.*,
140 S. Ct. 2335 (2020)......................................................................9, 10, 11, 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................5, 6

*Bruni v. Hughs*,
No. 5:20-CV-35, 2020 WL 3452229 (S.D. Tex. June 24, 2020) .......................4

*Calder v. Jones*,
465 U.S. 783 (1984)........................................................................................15

*Cantu v. Platinum Mktg. Grp., LLC*,
No. 1:14-CV-71, 2015 U.S. Dist. LEXIS 90824 (S.D. Tex. July 13,
2015) ...............................................................................................14, 15, 16

*Creasy v. Charter Commc'ns., Inc.*,
No. 20-1199 Section F, 2020 WL 5761117 (E.D. La. Sept. 28,
2020) ...............................................................................................4, 10, 11, 12

*Cunningham v. Radius Global Solutions LLC*,
No. 4:20-CV-00294, 2020 WL 5518073 (E.D. Tex. Sept. 14, 2020) .................8

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)......................................................................................4, 13

*Freudensprung v. Offshore Tech. Servs., Inc.*,
379 F.3d 327 (5th Cir. 2004) ....................................................................15, 16

*FW/PBS, Inc. v. Dallas*,
493 U.S. 215 (1990)............................................................................................4

4818-5898-0051v.1

*Gamboa v. Great Lakes Dredge & Dock Co.*,
No. 20-18-JWD-EWD, 2020 WL 4373111 (M.D. La. July 30,
2020) ...................................................................................................13

*Lea v. McGue*,
No. 4:20-CV-00483, 2020 WL 5642320 (E.D. Tex. Sept. 22, 2020) ..........14, 15

*Lindenbaum v. Realgy, LLC*,
No. 1:19CV2862, 2020 WL 6361915 (N.D. Ohio Oct. 29 2020) ...............11, 12

*Lone Star Fund V (US), LP v. Barclays Bank PLC*,
594 F.3d 383 (5th Cir. 2010) .................................................................5

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)................................................................................6

*Maginn v. Norwest Mortg.*,
919 S.W.2d 164 (Tex. App. 1996)......................................................20

*McMahon v. Fenves*,
946 F.3d 266 (5th Cir. 2020) ................................................................3

*Mittenthal v. Fla. Panthers Hockey Club, Ltd.*,
No. 0-60734-CIV-ALTMAN/Hunt, 2020 WL 3977142 (S.D. Fla.
July 14, 2020)......................................................................................7, 8

*Patterson v. Dietze, Inc.*,
764 F.2d 1145 (5th Cir. 1985) ...........................................................15

*Physician Hosps. of Am. v. Sebelius*,
691 F.3d 649 (5th Cir. 2012) ............................................................3, 4

*Plotkin v. IP Axess Inc., Etc.*,
407 F.3d 690 (5th Cir. 2005) ................................................................5

*R&B Falcon Drilling (Int'l & Deepwater), Inc. v. Noble Denton Grp.*,
91 F. App'x. 317 (5th Cir. 2004) ..............................................4, 5, 14

*Raines v. Byrd*,
521 U.S. 811 (1997)............................................................................6, 7

*Salcedo v. Hanna*,
936 F.3d 1162 (11th Cir. 2019) .........................................................7, 8

-ii-

*Sartin v. EKF Diagnostics, Inc.*,
  No: 16-1816 Section: R, 2016 WL 3598297 (E.D. La. July 5,
  2016) .................................................................................................7, 8

*Seiferth v. Helicopteros Atuneros, Inc.*,
  472 F.3d 266 (5th Cir. 2006) .......................................................14

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016).............................................................7, 9

*Stuart v. Spademan*,
  772 F.2d 1185 (5th Cir. 1985) ...................................................5, 6

*We-Flex, LLC v. NBSP, Inc.*,
  No. H-11-1078, 2012 WL 1440439 (S.D. Tex. Apr. 25, 2012) .......................5, 6

*Yumilicious Franchise, L.L.C. v. Barrie*,
  819 F.3d 170 (5th Cir. 2016) .......................................................20

## Statutes

Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 .....................*passim*

Tex. Bus. & Com. Code § 17.50........................................................19, 20

Tex. Civ. Prac. & Rem. Code § 17.042 ..............................................19

Tex. Bus. & Com. Code Ch. 302 .....................................................18, 19

Tex. Bus. & Com. Code § 302.101 .................................................*passim*

Tex. Bus. & Com. Code § 302.302....................................................18

Tex. Bus. & Com. Code § 302.303....................................................19

## Other Authorities

Fed. R. Civ. P. 12(b)(1)..............................................................1, 3, 4, 6

Fed. R. Civ. P. 12(b)(2)..............................................................1, 4, 5, 12

Fed. R. Civ. P. 12(b)(6)..............................................................1, 5, 6, 18

Fed. R. Civ. P. 26(f) ................................................................2

4818-5898-0051v.1

## **INTRODUCTION**

Plaintiff alleges Life Protect made marketing calls to her cellular phone. Plaintiff contends she did not consent to the alleged calls and brings claims for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and Texas state law. Even assuming Plaintiff's allegations that Life Protect called her are true (which they are not), Plaintiff's threadbare Amended Complaint fails on its face under Rules 12(b)(1), (b)(2), and (b)(6).

***First***, Plaintiff does not meet her burden of pleading subject matter jurisdiction because she fails to allege an injury in fact sufficient to confer Article III standing. Additionally, this Court lacks subject matter jurisdiction over Plaintiff's Count I because—during the period the calls were allegedly made— § 227(b)(1)(A)(iii) of the TCPA was unconstitutional. This Court is therefore without jurisdiction to enforce that provision.

***Second***, Plaintiff does not meet her burden to show that Life Protect is subject to personal jurisdiction in Texas, as Plaintiff does not allege Life Protect is "at home" in Texas or that this lawsuit arises out of Life Protect's contacts with Texas.

***Third***, in addition to failing to establish subject matter and personal jurisdiction, Plaintiff has failed to state a claim for relief under Texas telemarketing law (Count III) because she does not allege the requisite elements of the claim—

1

particularly detrimental reliance and economic damages.

In light of Plaintiff's failure to cure these deficiencies through amendment, it is clear further amendment would be futile. Plaintiff's Amended Complaint thus should be dismissed with prejudice.

## NATURE AND STAGE OF THE PROCEEDING

This lawsuit was filed on October 22, 2020. [Dkt. No. 1]. Plaintiff served the summons and Complaint on Life Protect on October 28, 2020. [Dkt. No. 4]. Plaintiff amended her Complaint on November 18, 2020. [Dkt. No. 9]. The parties have yet to hold an initial conference under Rule 26(f), and no discovery has been exchanged. This is Life Protect's first Rule 12(b) motion.

## STATEMENT OF FACTS[1]

Plaintiff's allegations changed little from her initial Complaint to her Amended Complaint, and the changes do not save her claims. (*See* Ex. A, Redline Showing Changes from Complaint to Amended Complaint).

Plaintiff is an individual residing in Texas. (Am. Compl. ¶ 6). Life Protect is a corporation with its principal place of business in Norfolk, Virginia. (Am. Compl. ¶ 8). Plaintiff baldly contends Life Protect conducts business in Texas but offers no supporting factual allegations. (Am. Compl. ¶ 4).

Plaintiff avers that, beginning on or around September 2019, she began

---

[1] Life Protect accepts as true Plaintiff's well-pled allegations only for the purpose of this Motion. Life Protect denies that it made any calls to Plaintiff.

2

receiving calls from Life Protect on her cellular telephone for solicitation purposes. (Am. Compl. ¶¶ 13–15). During these calls, Plaintiff claims she heard a prerecorded voice, supposedly allowing her to discern that the calls were made using an automatic telephone dialing system ("ATDS"). (Am. Compl. ¶¶ 18, 30–32). Plaintiff does not aver what was said to her on any of these calls or any other factual circumstances explaining how she determined the calling technology used. (*See generally*, Am. Compl.).

Plaintiff further avers that she was solicited to and purchased a medical alert device from Life Protect on one of these alleged calls. (Am. Compl. ¶¶ 19–20). This transaction was consummated on December 30, 2020, and Plaintiff's credit card was charged on January 2, 2020. (Am. Compl. ¶¶ 20–22).

Based on these allegations, Plaintiff brings three causes of action:

- *Count I* — Violation of § 227(b) of the TCPA (Am. Compl. ¶¶ 28–38);

- *Count II* — Violation of § 227(c) of the TCPA (Am. Compl. ¶¶ 39–45); and

- *Count III* — Violation of § 302.101 of the Texas Business and Commerce Code (Am. Compl. ¶¶ 46–49).

## STATEMENT OF ISSUES AND STANDARDS OF REVIEW

### I.   Whether this Court lacks subject matter jurisdiction, thus requiring dismissal under Rule 12(b)(1).

The plaintiff has the burden of demonstrating a federal court has subject matter jurisdiction, *McMahon v. Fenves*, 946 F.3d 266, 271 (5th Cir. 2020), which

requires the plaintiff "to allege a plausible set of facts establishing jurisdiction." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

Article III standing is a threshold component of subject matter jurisdiction for which the plaintiff too bears the burden. *See, e.g.*, *Bruni v. Hughs*, No. 5:20-CV-35, 2020 WL 3452229, at *4 (S.D. Tex. June 24, 2020). To meet this burden, the plaintiff must provide plausible allegations that she suffered concrete harm. *Id*. Critically, "standing cannot be inferred argumentatively from averments in the pleadings, ***but rather must affirmatively appear in the [pleading]***." *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (emphasis added) (internal citations and quotations omitted). Moreover, federal courts lack subject matter jurisdiction to enforce unconstitutional laws. *Creasy v. Charter Commc'ns., Inc.*, No. 20-1199 Section F, 2020 WL 5761117, at *3 (E.D. La. Sept. 28, 2020).

## II. Whether this Court lacks personal jurisdiction over Life Protect, thus requiring dismissal under Rule 12(b)(2).

Federal courts follow state law in determining whether there is personal jurisdiction over parties. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "The Texas long-arm statute authorizes the district court to exercise personal jurisdiction over a nonresident defendant to the fullest extent allowed by the United States Constitution." *R&B Falcon Drilling (Int'l & Deepwater), Inc. v. Noble Denton Grp.*, 91 F. App'x. 317, 320 (5th Cir. 2004) (citing Tex. Civ. Prac. & Rem. Code § 17.042). This means that this Court must determine whether exercising jurisdiction

over Life Protect is consistent with the Due Process Clause of the Constitution. *See id*. (citing *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000)). "Due process requirements are met when the defendant has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id*. "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, ***the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident***." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (emphasis added).

III.    **Whether Plaintiff has failed to state a claim for relief, thus requiring dismissal under Rule 12(b)(6).**

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when ***all well-pleaded facts*** are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added). To that end, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc., Etc.*, 407 F.3d 690, 696 (5th Cir. 2005). Thus, a complaint "must include sufficient facts to indicate the facial plausibility of the claims asserted, raising the 'right to relief above the speculative level.'" *We-Flex, LLC v. NBSP, Inc.*, No. H-11-1078, 2012 WL 1440439, at *4 (S.D. Tex. Apr. 25, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555, (2007)). "In other words, the factual allegations must allow for an inference of '*more than a sheer possibility that a defendant has acted unlawfully*.'" *Id.* (emphasis added) (internal citations and quotations omitted).

## ARGUMENT

I.   **Rule 12(b)(1) Challenge – Lack of Subject Matter Jurisdiction**

A.   **Summary of Argument.**

This Court lacks subject matter jurisdiction for two reasons. *First*, Plaintiff has not met her burden to show that she has Article III standing because she fails to allege that she suffered a concrete injury in fact. *Second*, in addition to Plaintiff's lack of standing, this Court lacks subject matter jurisdiction over Count I of Plaintiff's Amended Complaint because § 227(b)(1)(A)(iii) of the TCPA was unconstitutional during the time period the alleged calls were made.

B.   **Plaintiff has not plausibly alleged an injury in fact sufficient to confer Article III standing.**

Despite her amendment, Plaintiff still fails to articulate a concrete injury in fact resulting from Life Protect's alleged calls to her and, therefore, lacks Article III standing. Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's claims.

Standing requires an actual and imminent injury that is concrete and particularized. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). Importantly, "Congress cannot erase Article III's standing requirements by

6

statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Raines v. Byrd*, 521 U.S. 811, 820, n. 3 (1997). That is, even in the context of a statutory violation seeking statutory damages, a plaintiff must allege some concrete, personal harm. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) ("[A] plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.").

It is not enough to merely allege that the defendant violated the TCPA to confer standing. *Sartin v. EKF Diagnostics, Inc.*, No: 16-1816 Section: R, 2016 WL 3598297, at *3 (E.D. La. July 5, 2016) (holding plaintiff lacked standing where he failed to provide "factual material from which the Court can reasonably infer what specific injury, if any, [plaintiff] sustained through defendants' alleged statutory violations"). For instance, the Eleventh Circuit recently ruled that receiving a single text message in violation of the TCPA, divorced from any concrete harm, is insufficient to confer standing. *See Salcedo v. Hanna*, 936 F.3d 1162, 1172–73 (11th Cir. 2019). Significantly, other federal district courts have extended *Salcedo* or applied similar reasoning to dismiss TCPA claims on standing grounds when the plaintiff alleged no actual harm, even if she received multiple calls in violation of the TCPA. *See, e.g.*, *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, No. 0-60734-CIV-ALTMAN/Hunt, 2020 WL 3977142, at *7 (S.D. Fla. July

7

14, 2020) ("*Salcedo*, in short, stands for the proposition that, **unless a complaint alleges some tangible or intangible harm**, a TCPA plaintiff's receipt of unwanted text messages is, standing alone, insufficient to confer Article III standing." (emphasis added)). The only case within the Fifth Circuit addressing *Salcedo* in the context of unwanted telephone calls found that a plaintiff must allege some form of harm—such as distraction or disruption—caused by calls to have standing. *See Cunningham v. Radius Global Sols., LLC*, No. 4:20-CV-00294, 2020 WL 5518073, at *4 (E.D. Tex. Sept. 14, 2020).

Here, Plaintiff does not allege in her Amended Complaint that she has been injured, (*see generally*, Am. Compl.), other than her vague and conclusory allegations that she suffered losses and damages. (*See* Am. Compl. ¶¶ 38, 45). Critically though, Plaintiff does not offer any facts identifying or explaining the losses or damages she purportedly suffered. (*See generally*, Am. Compl.). At bottom, Plaintiff provides no well-pled, factual averments regarding her injuries— such as that she was disrupted, disturbed, or distracted by the alleged calls—and it is not enough to allege merely that Life Protect violated the TCPA to confer standing. *See, e.g.*, *Sartin*, 2016 WL 3598297, at *3–4.

Plaintiff's lack of standing is especially glaring with respect to her claim under the Texas Business and Commerce Code. It is unclear how Plaintiff suffered concrete harm as a result of Life Protect's supposed failure to register as a

8

telemarketer. Assuming *arguendo* that Life Protect was the caller (which it was not) and lacked a registration in violation of the statute, it follows from Plaintiff's allegations that had Life Protect obtained the requisite license, she would have still received these same alleged calls. Put differently, Plaintiff would have received the calls regardless of whether the caller had the requisite registration. Plaintiff thus is suing to enforce a state registration requirement in which she has no tangible stake and from which she suffers no concrete harm for a violation thereof. In that sense, she is suing to enforce a procedural violation, which is insufficient to confer standing under *Spokeo*.

For these reasons, Plaintiff lacks Article III standing for each of her claims.

### C.     Count I also fails because § 227(b) of the TCPA was unconstitutional.

In addition to lack of standing, this Court lacks subject matter jurisdiction over Count I because § 227(b)(1)(A)(iii) of the TCPA was unconstitutional from 2015 through July 6, 2020, and all of the alleged calls to Plaintiff occurred in 2019.

In 2015, Congress amended § 227(b)(1)(A)(iii) by carving out an exception from the TCPA's general prohibition on robocalls to cell phones, thereby allowing robocalls be made to collect a government debt ("2015 Amendment"). *See generally*, *Barr v. Am. Ass'n of Political Consultants*, *Inc*., 140 S. Ct. 2335, 2344–45 (2020) ("*AAPC*"). That is, the 2015 Amendment took § 227(b)(1)(A)(iii), which was previously content neutral, and drew a content-based distinction on whether

the call was made to collect a government debt and permitted robocalls to collect a government debt. *Id*. at 2346.

In *AAPC*, the petitioners challenged § 227(b)(1)(A)(iii), as amended, arguing that the 2015 Amendment violated their First Amendment rights because the 2015 Amendment transformed § 227(b)(1)(A)(iii) into a content-based restriction on speech, which failed strict scrutiny. *Id*. After raising arguments that § 227(b)(1)(A)(iii), as amended, was not a content-based restriction on speech— which the Court rejected—the government conceded that it lacked a sufficient justification for the exception, and therefore, the amendment failed strict scrutiny. *Id.* at 2347. Consequently, as a remedy to restore § 227(b)(1)(A)(iii) to constitutional health, on July 6, 2020, the *AAPC* Court severed the offending government-debt exception. *Id*. at 2353–54.

In the wake of *AAPC*, an Eastern District of Louisiana court determined that—because ***the entirety*** of § 227(b)(1)(A)(iii) was unconstitutional from the 2015 Amendment through *AAPC*—federal courts lack subject matter jurisdiction over claims brought under § 227(b)(1)(A)(iii) for calls made during those five years. *See generally, Creasy*, 2020 WL 5761117. The *Creasy* court rejected the plaintiffs' argument that the portion of § 227(b)(1)(A)(iii) restricting robocalls made for purposes other than to collect a government-backed debt remained constitutional during this time, concluding that:

10

> [W]hile the plaintiffs argue that the Court's severance of the exception
> has no bearing on the constitutionality of the rule, the exception and
> the rule are in fact inextricably intertwined for the purposes of any
> reasonable analysis. Simply put, a restriction cannot possibly be
> content-based if it does not treat different categories of content
> differently; an exception cannot be unconstitutionally discriminatory
> without reference to the broader rule in which it appears.

*Id*. at *5. Thus, the court acknowledged that "the entirety of the pre-severance version of § 227(b)(1)(A)(iii) is void because it itself was repugnant to the Constitution[.]" *Id*. And as relevant here, the *Creasy* court concluded "the unconstitutional amended version of § 227(b)(1)(A)(iii) is what applied to [defendant] at the time of the challenged communications at issue, and that fact deprives the Court of subject matter jurisdiction to adjudicate [defendant's] liability with regard to such communications." *Id*. at *6.

The Eastern District of Louisiana is not alone in reaching this conclusion. A court in the Northern District of Ohio recently agreed with *Creasy*, holding federal courts lack subject matter jurisdiction to enforce alleged § 227(b)(1)(A)(iii) violations from the date of the 2015 Amendment through *AAPC*. *See generally*, *Lindenbaum v. Realgy*, *LLC*, No. 1:19CV2862, 2020 WL 6361915, at *5–7 (N.D. Ohio Oct. 29 2020) ("The Court cannot wave a magic wand and make that constitutional violation disappear. Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter."). To date, no federal court has disagreed with *Creasy* or *Lindenbaum*.

11

Here, this Court lacks subject matter jurisdiction over Count I because all of the alleged calls made to Plaintiff occurred while § 227(b)(1)(A)(iii) was unconstitutional. Plaintiff alleges that, beginning in or around September 2019, she started receiving calls from Life Protect. (Am. Compl. ¶ 13). Plaintiff further alleges that in December 2019 she purchased a product from Life Protect during one of these calls. (Am. Compl. ¶ 20). Crucially, Plaintiff does not allege she received calls after *AAPC* restored the TCPA to constitutional health in July 2020. (*See generally*, Am. Compl.). Therefore, all of the calls at issue were allegedly made while § 227(b) was unconstitutional, leaving this Court without subject matter jurisdiction over Count I. *Lindenbaum,* 2020 WL 6361915, at *5–7; *Creasy*, 2020 WL 5761117, at *5–6.

## II.    Rule 12(b)(2) Challenge – Lack of Personal Jurisdiction

### A.    Summary of Argument.

This Court lacks personal jurisdiction over Life Protect for two reasons. *First*, Life Protect is not subject to *general* personal jurisdiction in Texas because Plaintiff does not—and could not—allege Life Protect is "at home" in Texas. *Second*, Life Protect is not subject to *specific* personal jurisdiction in Texas because Plaintiff fails to allege that Life Protect has sufficient minimum contacts with the forum. Notably, Plaintiff failed to add any allegations to her Amended Complaint regarding this Court's personal jurisdiction over Life Protect.

**B.** **This Court lacks personal jurisdiction over Life Protect because it is not "at home" in Texas and because Plaintiff fails to allege Life Protect has sufficient minimum contacts with Texas.**

    **1.** **Life Protect is not subject to general personal jurisdiction in Texas.**

General personal jurisdiction exists in the state where the defendant is considered at "home." *See, e.g.*, *Gamboa v. Great Lakes Dredge & Dock Co.*, No. 20-18-JWD-EWD, 2020 WL 4373111, at *3 (M.D. La. July 30, 2020). A corporation is "at home"—and is thus subject to general personal jurisdiction—in each state where it is incorporated and where it has its principal place of business. *See Daimler AG*, 571 U.S. at 137 (2014) (rejecting that a corporate defendant is subject to general jurisdiction anywhere it engages in substantial and continuous business). Only "[i]n exceptional circumstances, a court may assert general jurisdiction over a corporate defendant when its state of incorporation and principal place of business are not in the forum." *Gamboa*, 2020 WL 4373111, at *3.

Plaintiff does not—and cannot—allege Life Protect is incorporated in Texas. (*See generally*, Am. Compl.). Instead, she correctly alleges that Life Protect's principal place of business is in Virginia. (Am. Compl. ¶ 8). These allegations are insufficient to establish that Life Protect is "at home" in Texas, which it is not. Therefore, Life Protect is not subject to general personal jurisdiction in Texas.

    **2.** **Life Protect is not subject to specific personal jurisdiction in Texas.**

When there is no general personal jurisdiction (which, here, there is not), a

13

defendant is only subject to jurisdiction if there is specific personal jurisdiction. *See R&B Falcon Drilling (Int'l & Deepwater), Inc.*, 91 F. App'x at 320. Specific personal jurisdiction exists if the following three elements are met: (1) the defendant must purposefully avail itself to the benefits of the forum such that it is foreseeable to the defendant that it may be brought into court there; (2) the cause of action asserted must be sufficiently related to defendants contacts with the forum; and (3) the exercise of jurisdiction is fair to the defendant. *See Lea v. McGue*, No. 4:20-CV-00483, 2020 WL 5642320, at *2 (E.D. Tex. Sept. 22, 2020). It is the plaintiff's burden to satisfy the first two elements. *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 271 (5th Cir. 2006). ***Only*** if the plaintiff meets her burden on the first two elements—which Plaintiff has not—does the defendant bear the burden of showing the exercise of jurisdiction would be unfair. *Id.*

With respect to the first element, a defendant must have committed "some act whereby [the defendant] 'purposefully availed' [itself] of the privilege of conducting activities in Texas." *Lea*, 2020 WL 5642320, at *3 (noting the defendant's conduct must show that it "reasonably anticipated" being brought into court in Texas). For a TCPA claim, simply alleging that the defendant called the plaintiff—who has an area code for a certain state—is insufficient. *See Cantu v. Platinum Mktg. Grp., LLC*, No. 1:14-CV-71, 2015 U.S. Dist. LEXIS 90824, at *8–9 (S.D. Tex. July 13, 2015). Acknowledging that we live in a mobile society, the

14

*Cantu* court reasoned that "the Court cannot find that [defendant] purposefully availed itself of the protections of Texas law on this record. [Plaintiff] cites no evidence showing that [defendant] knew that a call to a cell phone number having an area code associated with Texas was as likely to reach a Texas resident[.]" *Id*. at *8–9; *see also id.* at *9–10 ("[T]he Court determines that showing that a TCPA defendant called a phone number in an area code associated with the plaintiff's alleged state of residence does not, by itself, establish minimum contacts with that state.").

Furthermore, "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Freudensprung v. Offshore Tech. Servs., Inc.,* 379 F.3d 327, 344 (5th Cir. 2004). Indeed, when a defendant's contacts with the forum rest on the "mere fortuity" that a party to the contract resides in Texas, there is no purposeful availment. *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985).

With respect to the second element, the plaintiff must show that the underlying action arises out of the defendant's contacts **with the forum**. *Lea*, 2020 WL 5642320, at *4. The focus of this analysis is on the "'relationship among the defendant, the forum, and the litigation.'" *Id*. (quoting *Calder v. Jones*, 465 U.S. 783, 788 (1984)).

### i.   Plaintiff fails to allege Life Protect purposefully availed itself to jurisdiction in Texas.

Plaintiff still does not allege that Life Protect availed itself to the benefits of Texas, such that Life Protect could reasonably foresee being brought into court in Texas. (*See generally*, Am. Compl.; *see also* Ex. A). Beyond her allegation that she is a Texas resident, Plaintiff offers no facts supporting that Life Protect targeted Texas or Plaintiff because she is a Texas resident, or even that Life Protect knew Plaintiff was a Texas resident. (*See generally*, Am. Compl.); *accord Cantu*, 2015 U.S. Dist. LEXIS 90824, at *12 (denying that there was purposeful availment when "the record includes no evidence showing that [defendant] knew that [plaintiff] was a Texas resident"). Plaintiff does not even allege that her cellular telephone number has an area code in Texas, (*see* Am. Compl. ¶¶ 11–12), and even if she did, that would not be sufficient for purposeful availment. *See Cantu*, 2015 U.S. Dist. LEXIS 90824, at *10–12. Finally, her allegations that she purchased a product also are insufficient to establish purposeful availment. *See Freudensprung,* 379 F.3d at 344 (noting that even when a controversy arises out of the contract at issue, and one of the parties is a resident of Texas, that is not enough for purposeful availment). Here, the controversy does not even arise out of the contract between Life Protect and Plaintiff—it arises out of alleged phone calls made to Plaintiff.

Accordingly, the first element of the personal jurisdiction analysis is not met.

>     ii.    **Plaintiff fails to allege her claims are sufficiently related to Life Protect's alleged contacts with Texas.**

Even if this Court determined that Life Protect purposefully availed itself to Texas, Plaintiff's only allegation regarding Life Protect's contacts with Texas is the bald, conclusory assertion that "Defendant conducts business in the state of Texas." (Am. Compl. ¶ 4). Critically, however, even if the Court accepts this unadorned conclusion as true (which it should not), Plaintiff provides no allegations supporting that this litigation *arises out* of Life Protect's purported business in Texas. (*See generally*, Am. Compl.). Rather, she avers that this litigation arises out of supposed indiscriminate robocalls to her cellular phone, which she does not allege are connected to whatever supposed business Life Protect performs in Texas. (*See generally*, Am. Compl.). Without more, Plaintiff has not met her burden to demonstrate that there is a sufficient connection between Life Protect's purported activities in Texas and this litigation. Thus, the second element of the specific personal jurisdiction analysis is also not met.

Because Plaintiff has not sufficiently pled that Life Protect purposefully availed itself to Texas or that this lawsuit arises out of Life Protect's purported contacts in Texas, Life Protect is not subject to specific personal jurisdiction in Texas. Dismissal is therefore appropriate.

**III.**     **Rule 12(b)(6) Challenge – Failure to State a Claim for Relief**

      **A.**     **Summary of Argument.**

Count III of Plaintiff's Amended Complaint fails under Rule 12(b)(6) because Plaintiff does not allege the elements required to maintain a claim for a purported violation of § 302.101 of the Texas Business and Commerce Code. In particular, Plaintiff fails to allege that she relied on any action or representation by Life Protect to her detriment.

      **B.**     **Count III fails because Plaintiff does not allege the requisite elements to bring a private right of action for an alleged violation of § 302.101.**

Section 302.101 provides that "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state ***unless the seller holds a registration certificate*** for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101 (emphasis added). Plaintiff alleges that Life Protect violated this provision "when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State." (Am. Compl. ¶ 48). Plaintiff, however, fails to allege the necessary elements for § 302.101 claim.

Plaintiff cites § 302.302(a) and (d) as the basis for her private right of action. (Am. Compl. ¶ 49). However, § 302.302 merely enumerates remedies and penalties for a violation of Chapter 302 of the Texas Business and Commerce

18

Code. It is does not provide a consumer with a private right of action for a violation of § 302.101 (or any other provision of Chapter 302).

Instead, § 302.303 of the Texas Business and Commerce Code provides consumers with a private right of action for a violation of Chapter 302—including § 302.101. Specifically, § 302.303 provides that a violation of Chapter 302 is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17 (of the Texas Business and Commerce Code), and further provides that a private right of action for a violation of Chapter 302 may be maintained as an action under Subchapter E, Chapter 17. Plaintiff, however, has failed to state the requisite elements of a claim under Subchapter E, Chapter 17.

Pursuant to § 17.50(a)(1)–(4) of the Texas Business and Commerce Code, a consumer may bring an action for a false, misleading, or deceptive act or practice that: (1) the consumer relies on to her detriment; (2) is for a breach of warranty; (3) is for any unconscionable action (or course of action); or (4) is for violations of Chapter 541 of the insurance code. A consumer must also allege to have suffered economic damages or damages for mental anguish. Tex. Bus. & Com. Code § 17.50(a).  Here, Plaintiff does not allege any breach of warranty, unconscionable act, or violation of Chapter 541 of the insurance code; therefore, she would need to allege the elements of § 17.50(a)(1) to state a claim for relief. She has not.

19

The elements of a claim under § 17.50(a)(1)—and in turn § 302.101—are: (1) the plaintiff is a consumer; (2) detrimental reliance on the alleged deceptive false, misleading or deceptive act; and (3) injury. *See Yumilicious Franchise, L.L.C. v. Barrie,* 819 F.3d 170, 176 (5th Cir. 2016). Importantly, to qualify as a consumer, the plaintiff must have ***sought*** to acquire the goods or services at issue, and the purchase of goods or services must be the primary reason for the transaction. *Maginn v. Norwest Mortg.*, 919 S.W.2d 164, 166 (Tex. App. 1996).

None of these elements are met. Primarily, Plaintiff purchased a medical alert device from Life Protect to "ascertain who was responsible for the calls." (Am. Compl. ¶ 20). In other words, Plaintiff's admitted primary purpose for her purchase was not to acquire goods or services but to determine who was purportedly calling her. Additionally, Plaintiff does allege she relied on any action by Life Protect, and she certainly does not allege she relied on any representation regarding Life Protect's status on a telemarketing registry. (*See generally*, Am. Compl.). Moreover, Plaintiff does not allege to have suffered any economic damages or mental anguish from Life Protect's purported failure to register as a telemarketer. (*See generally*, Am. Compl.).

Finally, Plaintiff does not aver that Life Protect engaged in a deceptive trade practice because she does not adequately allege Life Protect violated § 302.101. Section 302.101 prohibits statutorily-defined "sellers" from making statutorily-

20

defined "telephone solicitations" to statutorily-defined "purchasers" without obtaining a registration certificate. Here, Plaintiff fails to address how these statutory definitions are met. (*See generally*, Am. Compl.).

For these reasons, Plaintiff's § 302.101 claim fails and must be dismissed.

## **<u>CONCLUSION</u>**

Life Protect respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice.

SUBMITTED this 2nd day of December 2020, by:

/s/ *Matthew C. Arentsen*
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
Matthew C. Arentsen, *admitted pro hac vice*
Jesse D. Sutz, *admitted pro hac vice*
410 17th Street, Suite 2200
Denver, Colorado 80202
Phone: 303.223.1100
Fax:   303.223.1111
Email:    marentsen@bhfs.com
          jsutz@bhfs.com

*Attorneys in Charge for Defendant*

**Christopher M. Jordan**
TX State Bar No. 4087817
**Munsch Hardt Kopf & Harr, P.C.**
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone:  (713) 222-4015
Fax:  (713) 222-5834
Email:    cjordan@munsch.com
*Attorneys for Defendant* _____

## <u>CERTIFICATE OF WORD COUNT</u>

Pursuant to Rule 18(c) of Judge Charles Eskridge Court Procedures, Counsel hereby certifies that this memorandum contains 4,818 words.

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Rules 17(a) and (b) of Judge Charles Eskridge's Court Procedures, attorneys in charge for Defendant conferred telephonically with Amy L. Bennecoff Ginsburg, counsel for Plaintiff, on November 16, 2020 and November 30, 2020. On November 16, 2020, attorneys in charge for Defendant explained Defendant's position that the initial Complaint was deficient for a number of reasons and that Defendant intended to move to dismiss the Complaint under Rules 12(b)(1), (b)(2), and (b)(6). During the conferral, counsel for Plaintiff agreed that Plaintiff would amend her Complaint in response to some, but not all, of the issues identified by Defendant. Thereafter, Plaintiff filed the First Amended Complaint. On November 30, 2020, the same counsel for the parties conferred regarding the issues identified in this Motion concerning the First Amended Complaint. After conferral, the parties could not reach an agreement. Therefore, Plaintiff opposes the relief requested in this Motion.

4818-5898-0051v.1

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure and Rule 2(b) of Judge Charles Eskridge's Court Procedures, the undersigned counsel certifies that the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's CM/ECF system on December 2, 2020.


*/s/ Matthew C. Arentsen*
Matthew C. Arentsen

21894222

24

4818-5898-0051v.1