Case 4:20-cv-03612 Document 1 Filed on 10/22/20 in TXSD Page 1 of 7UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ~~Kelly Thomas,~~<br><br>~~v.~~<br><br>~~Plaintiff,~~<br><br>Kelly Thomas,<br><br>Plaintiff,<br><br>v.<br><br>Life Protect 24/7, Inc. d/b/a Life Protect 24/7,<br><br>Defendant. | Case No. 4:20-cv-03612<br><br>Complaint and Demand for Jury Trial |

~~Defendant.~~

# FIRST AMENDED COMPLAINT

**Kelly Thomas** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Life Protect 24/7, Inc. d/b/a Life Protect 24/7** (Defendant):

## INTRODUCTION

1. ~~Plaintiffs~~ Plaintiff's First Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and § 302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action

under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 ~~(2012)~~

(2012)    (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.    This Court has supplemental jurisdiction over ~~Plaintiffs~~Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant conducts business in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Katy, Texas 77494.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 6160 Commander Parkway, Norfolk, Virginia 23502.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a residential and personal cellular telephone number.

12. Plaintiff has only used this phone number as a residential and personal cellular telephone.

13. Beginning in or around September 2019, Defendant repeatedly called Plaintiff on her residential and personal cellular phone on a repetitive and continuous basis for solicitation purposes.

14. Plaintiff did not request information from Defendant and Defendant did not have consent to contact Plaintiff.

15. Plaintiff was also not interested in purchasing a medical alert device and did not seek information regarding a medical alert device.

16. Plaintiff has been on the Do Not Call Registry since July 14, 2008.

17. ~~16.~~Defendant's calls to Plaintiff were not made for "emergency purposes."

18. ~~17.~~On each occasion, Plaintiff answered the call and heard a pre-recorded voice before anyone came on the line, indicating to her that the call was made using an automated telephone dialing system.

19. ~~18.~~When Plaintiff ~~spolce~~spoke with a live individual, she was solicited to purchase one of Defendant's medical alert devices.

20. ~~19.~~On or about December 30, 2019, in order to ascertain who was responsible for the calls, Plaintiff purchased a medical alert device from Defendant during a telephone call ~~it~~that Defendant placed to her. See Exhibit "A."

21. Defendant mailed information to Defendant following this purchase and the paperwork received clearly reflected that item she had purchased was from Defendant. See Id.

22. ~~20.~~On January 2, 2020, Defendant charged ~~Plaintiffs~~Plaintiff's credit card in the amount of $39.99. ~~See~~S ee Exhibit "B."

23. ~~21.~~The undersigned has confirmed that the telephone numbers listed on the credit card statement — 888-313-7236 and 855-463-5906 — belong to Defendant.

24. When you call both numbers an automated message plays indicating that you have reached "Life Protect 24/7."

25. Defendant is not registered as a telephone solicitor with the Texas Secretary of State as required by the Texas Business and Commerce Code.

26. This was confirmed by checking if Defendant was registered at: https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp

27. ~~22.~~Upon information and belief, Defendant conducts business in a manner which

3

violates the Telephone Consumer Protection Act.

28. COUN

Case 2020-cv-03612 Document 13 Filed 11/18/20 in TXSD Page 5 of 11

## C OUN T I
## ~~DEPENDANT~~D EFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

29. ~~23.~~Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. ~~24.~~The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

31. ~~25.~~Defendant initiated multiple telephone calls to ~~Plaintiffs~~Plaintiff's cellular telephone number using an automatic telephone dialing system.

32. ~~26.~~The dialing system used by Defendant to call ~~Plaintiffs~~Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

~~3~~

33. ~~27.~~The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

34. ~~28.~~Defendant's calls were not made for "emergency purposes."

35. ~~29.~~Defendant's calls to Plaintiff's cellular telephone without any prior express consent~~,~~.

36. ~~30.~~Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since July 14, 2008.

37. ~~31.~~Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for ~~Plaintiffs~~Plaintiff's rights under the law and with the purpose of harassing ~~Plaintiiｆ,~~Plaintiff.

4

38. ~~32.~~ The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

39. ~~33.~~ As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

### ~~COUN~~C OUN T II
### ~~DEFENDANT~~D EFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

40. ~~34.~~ Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

41. ~~35.~~ The TCPA prohibits any person or entity of initiating any telephone solicitation to

~~a residential telephone subscriber who has registered his or her telephone number on the Nationa~~ a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

4

42. ~~36.~~ Defendant contacted Plaintiff on her residential cellular telephone despite the fact that Plaintiff has been on the Do Not Call Registry since July 14, 2008.

43. ~~37.~~ Defendant called Plaintiff on two or more occasions during a single calendar year despite ~~PlaintiNs~~ Plaintiff's registration on the Do Not Call list.

44. ~~38.defendant~~ Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for ~~Plaintiffs~~ Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

5

45. ~~39.~~ The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

46. ~~40.~~ As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

### ~~COUNT~~ COUNT III ~~DEFENDANT~~ DEFENDANT VIOLATED § 302.101 OF ~~THE~~ THE TEXAS BUSINESS & COMMERICAL CODE

47. ~~41.~~ Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

48. ~~42.~~ §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

5
Case 4:20-cv-03612 Document 1 Filed on 1U/22/20 in TXSD Page 6 of 7

49. ~~43.~~ Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive ~~telCphone~~ telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

50. ~~44.~~ §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Kelly Thomas,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. ~~Statutory damages of $1,000 per violation (as provided under~~ Statutory damages of $5,000 per violation (as provided under §302.302(~~s~~a) of the Texas Business & Commerce Code);

Case 4:20-cv-03G12 Document 1 Filed on 10/22/20 in TXSD Page 7 of 7

g. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

h. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

i. Any other relief this Honorable Court deems appropriate.

### ~~DEMAND~~ D EMAND **FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Kelly Thomas,** demands a jury trial in this case.

Respectfully submitted,

Dated: ~~10~~11/~~22~~18/2020

By: *s* /~~Arty L. Bennecoff Ginsbwrg~~
*Amy L. Bennecoff Ginsburg* Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888 Facsimile: 877-788-2864
Email: ~~aginsburpfJcredii1aiv.cont~~a ginsburg@creditlaw.com

~~7~~

8