**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)**

| | |
|---|---|
| **Kelly Thomas**, <br><br> Plaintiff, <br><br> v. <br><br> **Life Protect 24/7, Inc. d/b/a Life Protect 24/7** <br><br> Defendant. | Case No.: 4:20-cv-03612 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT' MOTION TO DISMISS**

Kelly Thomas ("Plaintiff" or "Thomas"), by and through her attorneys, Kimmel & Silverman, P.C., responds to the motion to dismiss her Amended Complaint filed by Defendant Life Protect 24/7, Inc. ("Defendant"):

**I.    STATEMENT OF RELEVANT FACTS**

At all times relevant hereto, Ms. Thomas was a resident of Katy, Texas.  (Am. Compl., ¶ 6.)  Defendant is a business with headquarters in Virginia.  (Am. Compl., ¶ 8.)

Seeking refuge from robo-calls, telemarketers and solicitors, Plaintiff signed up for the Federal Do-Not-Call Registry in 2008.  (Am. Compl., ¶ 16.)  Despite the fact that Plaintiff's cellular telephone number was on the Do-Not-Call list, and despite the fact that Plaintiff never consented to receiving automated calls or any calls from Defendant, Defendant placed multiple automated calls to Plaintiff's cell phone, apparently to solicit its medical alert device. (Am. Compl., ¶¶ 13-15.)

In order to ascertain the identity of the party calling her cell phone, Ms. Thomas purchased a medical device, which listed the telephone number Plaintiff knows belongs to Defendant. (Am. Compl., ¶¶ 21-24.) Because the Defendant violated Ms. Thomas's right to be free from unwanted robocalls, Plaintiff filed suit against Defendant under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

**II.     ARGUMENT**

**A. Standard**

1. <u>Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1).</u>

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.");

A Rule 12(b)(1) motion may present either a facial or a factual attack on the complaint. <u>Lawrence v. Dunbar,</u> 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks are based on the allegations of jurisdiction in the complaint, and the court takes the allegations in the complaint as true. <u>Id.</u> at 1529. Factual attacks under Rule 12(b)(1) "challenge the existence of subject matter jurisdiction in fact." <u>Id.</u> In such an instance, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." <u>Id.</u> (quoting <u>Williamson v. Tucker</u>, 645 F.2d 404, 412-13 (5th Cir. 1981). This means there is "no presumptive truthfulness [that] attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Id.</u>

However, the standard for factual attacks under Rule 12(b)(1) changes when the jurisdictional challenge implicates the merits of the plaintiff's claim. Id. This occurs when "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Garcia, 104 F.3d at 1262. If so, courts must "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case," Lawrence, 919 F.2d at 1529, using "the standards associated with a 12(b)(6) motion or Rule 56 motion for summary judgment." Garcia, 104 F.3d at 1266-67.

    2. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss, the Court must accept as true all facts alleged and draw all inferences therefrom in the light most favorable to the non-moving party.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). The alleged facts must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"[W]here the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not ' show[n]'—'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In Iqbal, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." Iqbal, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine

if they plausibly suggest an entitlement to relief" Id. This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678

### B. Defendant Misconstrue the Holding in *Barr v. AAPC*. The Telephone Consumer Protection Act is Constitutional, as is its Application.

In their Memorandum, Defendant makes the erroneous argument that application of the TCPA would be unconstitutional from the time of passage of the Bipartisan Budget Act of 2015 through the issuance of the 2020 US Supreme Court's ruling in Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335 (2020). (*See* Defendant' Memorandum, pp. 6-12.) In doing so, Defendant' misread the Supreme Court's holding in Barr as though it held the precise opposite of what it did.

In Barr, the US Supreme Court struck down an exemption from TCPA liability that was afforded by the 2015 Bipartisan Budget Act to servicers of federally-guaranteed student loans. *See generally*, Barr. At the same that the federal-student loan exemption was invalidated, the Supreme Court declined to strike down the entire statute (which was enacted 24 years prior to the 2015 amendment), and instead applied the doctrine of severability and severed the unconstitutional 2015 amendment from the otherwise constitutional 1991 law. Id. Regarding severability and how the unconstitutional amendment related to the remainder of the TCPA, the High Court held as follows:

> With the government-debt exception severed, the remainder of the law is capable of functioning independently and thus would be fully operative as a law. **Indeed, the remainder of the robocall restriction did function independently and fully operate as a law for 20-plus years before the government-debt exception was added in 2015.**

> ********
>
> The Court's precedents further support severing the 2015 government-debt exception. The Court has long applied severability principles in cases like this one, where Congress added an unconstitutional amendment to a prior law.
>
> *********
>
> Extending the robocall restriction to those robocalls raises no First Amendment problem. So the First Amendment does not tell us which way to cure the unequal treatment in this case. Therefore, we apply traditional severability principles. And as we have explained, severing the 2015 government-debt exception cures the unequal treatment and constitutes the proper result under the Court's traditional severability principles. In short, **the correct result in this case is to sever the 2015 government-debt exception and leave in place the longstanding robocall restriction.**

Barr, 140 S. Ct. 2335, 2353-55 (2020) (emphasis added).

By making the tenuous argument that enforcing the TCPA would effectively be punishment based on "unconstitutional content-based restrictions"[1], Defendant ignoring what the Barr Court actually held. In Barr, the Supreme Court's majority rejected the argument from the American Association of Political Consultants that the TCPA contained unconstitutional content-based restrictions on speech. Rather, the Barr court declined to strike the entire statute and instead severed and then invalidated the unconstitutional *exemption*. See Barr, at 2355 ("the correct result in this case is to sever the 2015 government-debt exception and leave in place the longstanding robocall restriction.")

In support of Defendant's position, it cites to the persuasive authority of two out-of-district decisions: Creasy v. Charter Communs., Inc., No. 20-1199, 2020 U.S. Dist. LEXIS 177798 (E.D. La. 2020) and Lidenbaum v. Realgy, LLC, No. 1:19 CV 2862, 2020 U.S. Dist. LEXIS 201572 (N.D. Ohio 2020). While those two district courts clearly applied Barr to hold the opposite of

---

[1] (Defendants' Memorandum, p. 9.)

what it did, there are significantly more courts which correctly followed Barr to apply the TCPA to all robo-callers, rather than exempt all robo-callers from the statute.

For instance, in Rieker v National Car Cure, LLC, 3:20-cv-05901 (N.D. Fl. Jan. 5, 2021) (attached as Ex. A), the court rejected an argument virtually identical to that presented by Defendant and instead held the unconstitutional amendment was severed by the High Court while the remainder of the TCPA remained intact: "It is also consistent with the fact that seven justices in AAPC concluded that the entire 1991 robocall resiction should not be invalidated." (*See* Ex. A, p. 3.) Furthermore, in Abramson v. Fed. Ins. Co., 2020 U.S. Dist. LEXIS 232937, at *3-4 (M.D. Fla. Dec. 11, 2020), the Court also rejected an argument similar to that asserted by Defendant in this matter ("Although XenCall cites two cases supporting its arguments, the vast majority of cases this has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by AAPC.") *See also* Buchanan v. Sullivan, No. 8:20-CV-301, 2020 U.S. Dist. LEXIS 202519, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); Schmidt v. AmerAssist A/R Sols. Inc 2020 U.S. Dist. LEXIS 193358, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); Burton v. Fundmerica, Inc., 2020 U.S. Dist. LEXIS 139299, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020); Salerno v. Credit One Bank, N.A., No. 15-CV-516 (JLS), 2020 U.S. Dist. LEXIS 133636, at *7 (W.D.N.Y. July 28, 2020) (rejecting defendant's request for a stay and noting the Barr court "did not invalidate the TCPA as a whole.")

In Barr, the Supreme Court struck down an unconstitutional amendment inapposite to the facts and parties at issue. That unconstitutional amendment was severed by the Supreme Court while the remainder of the statute stood. Barr did not exempt all robo-callers from the TCPA. In fact, it explicitly did the opposite.

Because Plaintiff's Complaint asserts claims under the TCPA, a federal statute, this Court has subject matter jurisdiction over this case. Here, when the various companies were harassing Kelly Thomas, the government-debt exemption was wholly inapposite. Based on the clear and unequivocal language of the Barr majority, the "longstanding robocall restriction" of the TCPA was in effect when Defendant placed automated calls to Ms. Thomas.

### C.  Receiving Unwanted Calls is Sufficient to Establish Standing Under the TCPA

Defendant errantly argues that unwanted telephone calls is not a sufficient injury to establish standing under the TCPA. At the pleading stage, "a **TCPA** plaintiff who alleges a defendant placed "multiple harassing **calls**" that would "annoy or harass a reasonable person" has sufficiently pled an injury in fact. Cunningham v. Britereal Mgmt., No. 4:20-cv-144-SDJ-KPJ, 2020 U.S. Dist. LEXIS 236135, at *5-6 (E.D. Tex. Nov. 20, 2020) "*See Cunningham v. Florio*, No. 4:17-cv-00839-ALM-CAN, 2018 WL 4473792, at *3-4 (E.D. Tex. Aug. 6, 2018),  see also Jamison v. Esurance Ins. Servs., Inc., No. 3:15-cv-2484-B, 2016 WL 320646, at *2-3 (N.D. Tex. Jan. 27, 2016).

If annoyance from unwanted calls were not sufficient injury to establish standing, the statute would not exist. Plaintiff alleged unwanted telephone calls which has been rendered to be sufficient injury to establish standing under the TCPA. Accordingly, Defendant's argument should be rejected by the Court and its motion to dismiss should be denied.

### D.  This Court Has Jurisdiction Over Defendant

In its motion to dismiss, Defendant also makes the baffling argument that this Court lacks personal jurisdiction over Defendant. (Defendant's Memorandum pp. 13-17.)   That argument must fail.

Specific jurisdiction may lie where the suit arises from a defendant's contact with a forum. The Fifth Circuit has established [*13] a three-step inquiry for specific jurisdiction: "'(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.'" McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009) (quoting Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006)).

As to the first element, whether a defendant has "minimum contacts," we must identify some act whereby a defendant "'purposely avail[ed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws.'" Luv N' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (5th Cir. 2006)). The defendant's conduct "must show that it 'reasonably anticipates being haled into court'" in the Southern District. *Id.* (quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

Here, Defendant called Ms. Thomas in Texas on her cell phone with a Texas area-code. Defendant sent its product to Plaintiff's address in Texas. The notion that it did not avail itself to Texas is belied by its conduct and the allegations in the Amended Complaint.

Accordingly, Defendant's motion to dismiss must be denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff Kelly Thomas respectfully requests this Honorable Court deny the Motion to Dismiss filed by Defendant Life Protect 24/7, Inc.

RESPECTFULLY SUBMITTED,

By: */s/ Amy L. B. Ginsburg*
Amy L. B. Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 167
aginsburg@creditlaw.com

Dated: January 6, 2021

Certificate of Service

**CERTIFICATE OF SERVICE**

I, Amy L.B. Ginsburg, hereby certify that on January 6, 2021 a true and correct copy of the foregoing memorandum was served upon all parties of record via ECF.

*/s/ Amy L.B. Ginsburg*