**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| KELLY THOMAS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LIFE PROTECT 24/7, INC., d/b/a<br>LIFE PROTECT 24/7,<br><br>　　　　　Defendant. | Case No.: 4:20-cv-03612 |

**DEFENDANT LIFE PROTECT 24/7, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Life Protect 24/7, Inc. ("Life Protect") respectfully submits this Reply in Support of its Motion to Dismiss ("Motion") [Dkt. No. 13] Plaintiff's Amended Complaint [Dkt. No. 9] under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). In support of this Reply, Life Protect relies on its Memorandum in Support, set forth as follows:

4818-5898-0051v.1

## **INTRODUCTION**

Plaintiff, in her Opposition to the Motion, offers this Court no plausible basis to save her claims. Indeed, Plaintiff fails to address a number of Life Protect's arguments for dismissal and fails to distinguish on-point decisions that doom her Amended Complaint. At bottom, Plaintiff's Opposition does not change: (1) this Court lacks subject matter jurisdiction; (2) Life Protect is not subject to personal jurisdiction in Texas; and (3) Plaintiff did not state a Texas Business and Commerce Code claim. Given the parties have repeatedly conferred on these issues—yet the fatal pleading defects remain—further amendment would be futile. Plaintiff's Amended Complaint, therefore, should be dismissed with prejudice.

## **ARGUMENT**

### A. This Court lacks subject matter jurisdiction.

Contrary to Plaintiff's suggestion, Life Protect is <u>not</u> making a *factual* challenge to subject matter jurisdiction. (Opp'n at 2–3). Rather, Life Protect is making only a *facial* attack on subject matter jurisdiction, which requires this Court "merely to look to the sufficiency of the allegations in the complaint." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Here, Plaintiff has not made well-pled factual allegations that plausibly establish subject matter jurisdiction, and Plaintiff's § 227(b) claim is unconstitutional as a matter of law.

### 1. Plaintiff's supposed injuries are not concrete as required for Article III standing.

Notwithstanding Plaintiff's assertion, merely alleging that she received unwanted calls is insufficient to establish standing under the TCPA. (Opp'n at 7). For instance, in *Cunningham v. Britereal Management*, on which Plaintiff relies, the court found that a plaintiff who alleged he received *25 phone calls*—and who, critically, *further alleged* the calls constituted a "nuisance, invasion of privacy, trespass of his cell phone, intrusion into his seclusion, reduced device storage space, loss of time, annoyance, among others"—adequately alleged a concrete injury-in-fact. No. 4:20-cv-144-SDJ-KPJ, 2020 U.S. Dist. LEXIS 236135, at *6–7 (E.D. Tex. Nov. 20, 2020). Here, in contrast, Plaintiff offers no allegations of her supposed injuries, such as alleging the number of calls she received or allegations supporting that she found the calls annoying, disruptive, bothersome, or the like. (*See generally*, Am. Compl.). Her threadbare contentions do not plausibly allege a sufficient injury for a TCPA claim.

Further, Plaintiff does not address Life Protect's argument that she lacks standing for her Texas Business and Commerce Code claim and, accordingly, offers no authority supporting that receiving an unwanted call is sufficient to confer standing to bring her Count III. (*See generally*, Opp'n (citing authority addressing standing under the TCPA)). Thus, not only should this Court reject Plaintiff's position that she has standing under the Texas Business and Commerce Code, this

Court should also find that Plaintiff has abandoned her state law cause of action. *See Baldwin v. Mortgage Elec. Registration Sys.*, No. 4:19-CV-03921, 2020 WL 4227591, at *6, n.2 (S.D. Tex. June 8, 2020) ("[W]hen a plaintiff fails to defend or pursue a claim in response to a motion to dismiss, the claim is deemed abandoned."); *Lopez v. River Oaks Imaging & Diagnostic Group, Inc.,* 542 F. Supp. 2d 653, 658, n. 9 (S.D. Tex. 2008).

> **2. In addition to her lack of standing, Plaintiff's § 227(b) TCPA claim fails because the provision is unconstitutional from 2015 through July 2020 and, therefore, cannot be enforced for calls during that period.**

Plaintiff misstates the Supreme Court's decision in *Barr v. AAPC* and overstates where the weight of authority lies on whether federal courts have subject matter jurisdiction over § 227(b) claims for calls made between the 2015 Amendment and *AAPC*.

Plaintiff argues that "[i]n Barr, the Supreme Court's majority rejected the argument from the [AAPC] that the TCPA contained unconstitutional content-based restrictions on speech." (Opp'n at 5). To the contrary, the Court "h[e]ld that the 2015 government-debt exception added ***an unconstitutional exception to the law***" and then "cure[d] that constitutional violation by invalidating the 2015 government-debt exception and severing it from the remainder of the statute." *See Barr v. AAPC*, 140 S. Ct. 2335, 2356 (2020) (emphasis added). In other words, the Court found that §

227(b) *was unconstitutional* after the 2015 Amendment, and remediated the statute by severing the offending provision.

With respect to whether § 227(b) can be enforced from the 2015 Amendment through *AAPC*, a three Justice minority *offered dicta in a footnote* suggesting that "our decision today does not negate the liability of the parties who made robocalls covered by the robocall restriction." *AAPC*, 140 S. Ct. at 1355, n. 12. But Justice Gorsuch, joined by Justice Thomas, disagreed, emphasizing the inherent inconsistency that "a holding that shields *only* government-debt collection callers from past liability under an admittedly unconstitutional law would wind up endorsing the very same kind of content discrimination we say we are seeking to eliminate." *Id*. at 2366 (Gorsuch, J., concurring in part, dissenting in part, and concurring in the judgment) (emphasis added).

Wrestling with this issue, the *Creasy* court—which remains the only precedent in the Fifth Circuit—reasoned:

> Justice Gorsuch's is the better argument as a matter of law and logic. Congress's 2015 enactment of the government-debt exception rendered § 227(b)(1)(A)(iii) an unconstitutional content-based restriction on speech. . . . *[I]n the years in which § 227(b)(1)(A)(iii) permitted robocalls of one category of content (government-debt collection) while prohibiting robocalls of all other categories of content, the entirety of the provision was, indeed, unconstitutional.*

*Creasy v. Charter Commc'ns, Inc.,* No. CV 20-1199, 2020 WL 5761117, at *2 (E.D. La. Sept. 28, 2020) (emphasis added). *Lindenbaum* agreed. *See generally*,

*Lindenbaum v. Realgy*, LLC, No. 1:19 CV 2862, 2020 WL 6361915, at *2–4 (N.D. Ohio Oct. 29, 2020). Unlike the authority cited by Plaintiff, these decisions grappled with the consequences of *AAPC*'s holding that § 227(b) was unconstitutional from the 2015 Amendment through 2020—finding that, because the law was unconstitutional, federal courts lack subject matter jurisdiction to enforce it during this period.

Notably, since the filing of the Motion, the Middle District of Florida has joined *Creasy* and *Lindenbaum*. *See Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.,* No. 5:20-CV-38-OC-30PRL, 2020 WL 7346536 (M.D. Fla. Dec. 11, 2020) (finding the court lacked subject matter jurisdiction over 2019 calls because "at the time the robocalls at issue were made, the statute could not be enforced as written and a later amendment to a statute cannot be retroactively applied"). Indeed, *Hussain* creates a split in the Middle District of Florida and in the Eleventh Circuit on this issue, holding contrary to *Rieker v. National Car Care Cure, LLC*, 3:20-cv-05901 (N.D. Fla. Jan. 5, 2021) and *Abramson v. Federal Insurance Co.*, No. 8:19-cv-2523-T-60AAS, 2020 U.S. Dist. LEXIS 232937, at *3-4 (M.D. Fla. Dec. 11, 2020)—the cases on which Plaintiff relies. Thus, although Plaintiff cites authority disagreeing with *Creasy, Lindenbaum*, and *Hussain*, the weight of authority is not against these decisions. And, significantly, *Creasy* remains the only Fifth Circuit precedent on point and is well reasoned and correctly decided.

6

This Court should join *Creasy*, *Lindenbaum*, and now *Hussain*, in holding that § 227(b), as remedied post-*AAPC*, cannot be applied retroactively to calls made while § 227(b) was unconstitutional. Accordingly, Plaintiff's § 227(b) claim should be dismissed with prejudice.

**B.     Life Protect is not subject to specific personal jurisdiction in Texas.**

Plaintiff does not dispute that Life Protect is not subject to *general* personal jurisdiction in Texas. (*See generally*, Opp'n). Accordingly, Plaintiff "bears the burden of establishing" *specific* personal jurisdiction by showing that: (1) the defendant has purposefully availed itself to the forum; and (2) the plaintiff's claims are sufficiently related to the defendant's activities in the forum. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270–71 (5th Cir. 2006). Plaintiff establishes neither of these requisite elements and fails to even address the second.

**1.     Plaintiff does not establish Life Protect purposefully availed itself to jurisdiction in Texas.**

Plaintiff's contentions that she is a Texas resident and that she entered into a contract with Life Protect are insufficient to establish purposeful availment. Tellingly, in her Opposition, Plaintiff does not attempt to distinguish *Cantu v. Platinum Marketing Group, LLC*, No. 1:14-CV-71, 2015 U.S. Dist. LEXIS 90824 (S.D. Tex. July 13, 2015), which is on point and from this district. (*See generally*, Opp'n). Critically, the *Cantu* court found that the plaintiff's contentions that he was a Texas resident and that his cell phone had a Texas area code were insufficient to

7

establish purposeful availment. No. 1:14-CV-71, 2015 U.S. Dist. LEXIS 90824, at *7–12 (S.D. Tex. July 13, 2015). The court expressed that the plaintiff must offer some basis for determining that the defendant **knew** that the plaintiff was a Texas resident and targeted her for that reason when it made the alleged calls. *Id*. at *12. Here, like *Cantu*, Plaintiff merely avers that she is a Texas resident and argues in her Opposition that her cell phone has a Texas area code, which is insufficient to establish purposeful availment. *See Cantu*, 2015 U.S. Dist. LEXIS 90824, at *12.

Further, Plaintiff's argument that Life Protect availed itself to jurisdiction in Texas because it entered into a contract with her and sent her a product also fails. (Opp'n at 8). The Fifth Circuit "[o]n several occasions . . . has observed that merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction". *See, e.g., Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 778 (5th Cir. 1986). In *Holt*, the Fifth Circuit expressly rejected the plaintiff's argument that, by mailing payments to the plaintiff in Texas, the defendant had purposefully availed itself to the exercise of jurisdiction in Texas. *Id*. Plaintiff's bald contention—that by mailing a product to her in Texas on one occasion, Life Protect availed itself to jurisdiction in Texas—fairs no better than the failed allegations in *Holt*. (Opp'n at 8).

### 2. Plaintiff does not even argue her claims arise from Life Protect's activities in Texas.

The second element of the specific personal jurisdiction analysis requires that "the underlying cause of action must 'arise out of' the defendant's contacts with the forum state." *Lea v. McGue*, No. 4:20-CV-00483, 2020 WL 5642320, at *4 (E.D. Tex. Sept. 22, 2020). Here, Plaintiff alleges no facts suggesting her claims arise out of Life Protect's supposed business activities in Texas but, rather, alleges that this lawsuit arises out of purported indiscriminate robocalls, which is not enough. (Mot. at 17).

In her Opposition, Plaintiff entirely fails to address this necessary element for which she bears the burden. Accordingly, Plaintiff has abandoned her obligation to establish personal jurisdiction. *See Baldwin*, 2020 WL 4227591, at *6, n.2; *Lopez,* 542 F. Supp. 2d at 658, n. 9. Because Plaintiff fails to plausibly allege—or even assert in her Opposition—that Life Protect purposefully availed itself to jurisdiction in Texas and that this lawsuit arises out of Life Protect's supposed contacts with Texas, dismissal is appropriate.

### C. Plaintiff abandoned Count III under the Texas Business and Commerce Code.

Plaintiff does not address Life Protect's lone Rule 12(b)(6) argument that she has failed to state a claim under § 302.101 of the Texas Business and Commerce Code. (*See generally*, Opp'n). Consequently, Plaintiff has abandoned Count III.

9

*Baldwin*, 2020 WL 4227591, at *6, n.2; *Lopez*, 542 F. Supp. 2d at 658, n.9. Moreover, Plaintiff has substantively failed to state a claim because she does not plead the requisite elements of an actionable § 302.101 violation—such as detrimental reliance and economic damages. (Mot. at 18–21).

## CONCLUSION

For these reasons and those articulated in the Motion, the Amended Complaint should be dismissed with prejudice.

SUBMITTED this 13th day of January 2021, by:

/s/ *Matthew C. Arentsen*
BROWNSTEIN HYATT FARBER SCHRECK, LLP
Matthew C. Arentsen, *admitted pro hac vice*
Jesse D. Sutz, *admitted pro hac vice*
410 17th Street, Suite 2200
Denver, Colorado 80202
Phone: 303.223.1100
Fax:   303.223.1111
Email:   marentsen@bhfs.com
         jsutz@bhfs.com

*Attorneys in Charge for Defendant*

**Christopher M. Jordan**
TX State Bar No. 4087817
**MUNSCH HARDT KOPF & HARR, P.C.**
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone:  (713) 222-4015
Fax:  (713) 222-5834
Email:   cjordan@munsch.com
*Attorneys for Defendant* _____

## CERTIFICATE OF WORD COUNT

Pursuant to Rule 18(c) of Judge Charles Eskridge Court Procedures, Counsel hereby certifies that this memorandum contains 1,992 words.

## **CERTIFICATE OF SERVICE**

      Pursuant to Rule 5 of the Federal Rules of Civil Procedure and Rule 2(b) of Judge Charles Eskridge's Court Procedures, the undersigned counsel certifies that the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's CM/ECF system on January 13, 2021.

                                 */s/ Matthew C. Arentsen*
                                 Matthew C. Arentsen

4818-5898-0051v.1