UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)

| | |
|---|---|
| **Kelly Thomas**, <br><br> Plaintiff, <br><br> v. <br><br> **Life Protect 24/7, Inc. d/b/a Life Protect 24/7** <br><br> Defendant. | Case No.: 4:20-cv-03612 |

**PLAINTIFF'S SUPPLEMENTAL BRIEFING TO ADDRESS THIS COURT'S DECISION IN *SALERMO V. WATTERS***

In response to the Court's Order of March 12, 2021, Plaintiff Kelly Thomas, by and through her attorneys, Kimmel & Silverman, PC hereby submits her supplemental briefing to address the Court's decision in Salermo v. Watters, No. 4:19-cv-02791, 2021 U.S. Dist. LEXIS 16169 (S.D. Tex. Jan. 28, 2021) in opposition to the Motion to Dismiss filed by Defendant Life Protect 24/7.

**1. A Recipient of Unwanted Automated Calls Has Standing To Assert a TCPA Claim.**

In today's hyper-partisan and polarized America, animus toward robo-calls has shown to be a unifying, bipartisan sentiment. This is demonstrated by the durability of the Telephone Consumer Protection Act of 1991, 47 USC § 227 *et seq.* ("TCPA") which was passed through a Democratic controlled congress and signed into law by Republican President George H.W. Bush.

In the 2020 US Supreme Court decision Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2344 (2020), which rejected a constitutional challenge to the TCPA, Justice Brett Kavanaugh accurately summarized the policy justifications for the enactment of the statute:

> A leading Senate sponsor of the TCPA captured the zeitgeist in 1991, describing robocalls as "the scourge of modern civilization.

1

> They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." In enacting the TCPA, Congress found that banning robocalls was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2344 (2020) *citing* 137 Cong. Rec. 30821 (1991) (Kavanaugh, J.)

Many courts have addressed the question of whether a person who simply experiences annoyance or a temporary invasion of privacy have experienced an "injury in fact" sufficient to satisfy the standard to establish Article III standing as articulated by Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016)[1].. Virtually all have concluded that a recipient of unwanted automatic calls has suffered sufficient injury to establish standing.  *See e.g.* Shields v. Dick, 2020 U.S. Dist. LEXIS 170189, at *9 (S.D. Tex. July 9, 2020) ("Because the receipt of an unwanted automated text message poses the exact type of concrete harm that Congress chose to recognize as legally cognizable in the TCPA, I conclude that Shields has sufficiently demonstrated injury in fact resulting from an automated text message sent to his personal cell phone");Cunningham v. Mark D. Guidubaldi & Assocs., LLC, 2019 U.S. Dist. LEXIS 38652, at *6 (E.D. Tex. Jan. 11, 2019) ("The Court finds that because Plaintiff pleads the existence of concrete, particularized injuries, however small or trifling, the Amended Complaint will not be dismissed on this basis"); Throndson v. Huntington Nat'l Bank, 2020 U.S. Dist. LEXIS 111060 (S.D. Ohio June 24, 2020) ("the Court concludes that prerecorded calls from debt collectors attempting to collect a debt implicate the same nuisance and privacy concerns that § 227(b)(1)(A)(iii)'s prohibition on the use of prerecorded calls was meant to protect against. The

---

[1] In order to have Article III Standing  standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, at 1548.

judgment of Congress thus suggests that, to the extent Plaintiff actually suffered an intangible harm in that the calls were a nuisance or invaded his privacy, such harm is sufficiently concrete for Article III purposes.")

One does not need to endure paralysis, a broken limb or psychological trauma to have an "injury-in-fact" for the purposes of Article III standing. A TCPA plaintiff who experiences the annoyance and invasion of privacy associated with unwanted calls or texts has standing to pursue her rights under the statute.

**2. While the Salerno Plaintiff Had No Plausible Injury from the Defendant Debt Collector's 1692g Violation, Kelly Thomas Did Suffer a Concrete Injury from Defendant's TCPA Violation.**

In the recent decision Salermo v. Watters, No. 4:19-cv-02791, 2021 U.S. Dist. LEXIS 16169, (S.D. Tex. Jan. 28, 2021)., this Court concluded that an FDCPA plaintiff had standing to assert a 15 U.S.C. § 1692e claim for a letter which could be construed in a deceptive manner, but lacked standing on a 1692g claim regarding the notice for the right to dispute a debt. The reason: the plaintiff did not dispute the debt so could not have suffered any injury in fact as it relates to informing her of that right:

> But standing fails as to them with respect to the assumed-valid contention. It is less clear that the letter in this respect even falls within the protections of § 1692e. But assuming so, the alleged harm is still nonexistent, for the same reason—the validity of the debt isn't actually in dispute.

Salermo, 2021 U.S. Dist. LEXIS 16169, at *21.

Here, Kelly Thomas registered on the Federal Do-Not-Call Registry in 2008 due to a desire to be free of unwanted and invasive calls. (Am. Compl. ¶ 16.) Where the plaintiff in Salerno could not have had an injury in fact related to the 1692g notice (because she conceded the debt was

3

valid), Plaintiff's affirmative steps taken in 2008- 12 years prior to receiving calls from Life Protect -demonstrates that she does not want solicitation calls. Accordingly, like the plaintiffs in Shields;, Cunningham,, and Throndson[2], Kelly Thomas experienced the annoyance of unwanted calls that the TCPA was enacted to prevent. Unlike the plaintiff in Salerno, she suffered an injury in fact.

Plaintiff has standing to pursue her TCPA claim.

RESPECTFULLY SUBMITTED,

By:  */s/ Amy L. B. Ginsburg*
Amy L. B. Ginsburg, Esquire
Jacob U. Ginsburg, Esquire (admitted *pro hac vice*)
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 167
aginsburg@creditlaw.com

Dated: March 26, 2021

---

[2] *See* supra § 1.

## CERTIFICATE OF SERVICE

I, Amy L.B. Ginsburg, hereby certify that on March 26, 2021 a true and correct copy of the foregoing supplemental authority was served upon all parties of record via ECF.

BROWNSTEIN HYATT FARBER
SCHRECK, LLP
Matthew C. Arentsen, *admitted pro hac vice*
Bridget Dupey, *admitted pro hac vice*
*Bridget Dupey,*
410 17th Street, Suite 2200
Denver, Colorado 80202
Phone: 303.223.1100
Fax: 303.223.1111
Email: marentsen@bhfs.com
bdupey@bhfs.com

Christopher M. Jordan
TX State Bar No. 4087817
MUNSCH HARDT KOPF &HARR, P.C.
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-4015
Fax: (713) 222-5834
Email: cjordan@munsch.com
*Attorneys for Defendant*

/s/ Amy L.B. Ginsburg