UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELLY THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> LIFE PROTECT 24/7, INC., d/b/a LIFE PROTECT 24/7, <br><br> Defendant. | Case No.: 4:20-cv-03612 |

### **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Life Protect 24/7, Inc., d/b/a Life Protect ("Life Protect"), through undersigned counsel, hereby files its Answer to Plaintiff Kelly Thomas's ("Plaintiff" or "Thomas") First Amended Complaint (the "FAC"), and states as follows:

Any allegation not specifically admitted herein is denied.

### INTRODUCTION

1. Paragraph 1 of the FAC does not contain averments to which responses are required. To the extent the averments are construed to require a response, Life Protect admits that this action was brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and section 302.101 of the Texas Business & Commercial Code, a claim which Plaintiff voluntarily withdrew on March 11, 2021, and admits that Plaintiff seeks to recover damages and costs. Life Protect denies any violations of the TCPA or the Texas Business & Commercial Code, denies any other wrongdoing, and denies Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 of the FAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies that the Court has subject matter jurisdiction over Plaintiff's claims.

3. The allegations contained in Paragraph 3 of the FAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect states the Court need not exercise supplemental jurisdiction because Plaintiff voluntarily withdrew her sole state law claim on March 11, 2021.

4. The allegations contained in Paragraph 4 of the FAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies that the Court has personal jurisdiction over it.

5. The allegations contained in Paragraph 5 of the FAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect does not presently contest that venue is proper.

## PARTIES

6. Life Protect admits that Plaintiff is a natural person. Life Protect is without sufficient information to admit or deny the remaining allegations contained in Paragraph 6 of the FAC and, therefore, denies the same.

7. The allegations contained in Paragraph 7 of the FAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect admits that Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Life Protect admits that it is a business entity with a present principal place of business, head office, and valid mailing address at 6160 Commander Pkwy., Norfolk, VA 23502.

9. The allegations contained in Paragraph 9 of the FAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect admits that it is a "person" as defined by 47 U.S.C. § 153(39).

10. The allegations contained in Paragraph 10 of the FAC are vague and unclear. Accordingly, Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the FAC and, therefore, denies the same.

## FACTUAL ALLEGATIONS

11. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 11 of the FAC and, therefore, denies the same.

12. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 12 of the FAC and, therefore, denies the same.

13. Life Protect denies the allegations contained in Paragraph 13 of the FAC.

14. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the FAC and, therefore, denies the same.

15. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the FAC and, therefore, denies the same.

16. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the FAC and, therefore, denies the same.

17. Life Protect denies that it initiated any telephone calls to Plaintiff and, therefore, denies the allegations contained in Paragraph 17 of the FAC.

18. Life Protect denies that it initiated any telephone calls to Plaintiff. Life Protect is without sufficient information to admit or deny the remaining allegations contained in Paragraph 18 of the FAC and, therefore, denies the same.

19. Life Protect denies the allegations contained in Paragraph 19 of the FAC.

20. Life Protect admits that Plaintiff purchased medical monitoring services, which came with a medical alert device, from it on or around December 30, 2019, by Plaintiff making a telephone call to Life Protect. Life Protect denies the remaining allegations contained in Paragraph 20 of the FAC.

21. The allegations contained in Paragraph 21 of the FAC are vague and unclear. Accordingly, Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 21 of the FAC and, therefore, denies the same.

22. Life Protect admits that it charged Plaintiff $39.99 on or around January 2, 2020, in connection with her purchase of medical monitoring services. Life Protect is without sufficient information to admit or deny the remaining allegations contained in Paragraph 22 of the FAC, including the veracity of "Exhibit B," and, therefore, denies the same.

23. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the FAC and, therefore, denies the same.

24. Life Protect admits that when a person makes a telephone call to the numbers identified in Paragraph 24 of the FAC, an automated message plays that thanks the person for calling "Life Protect." Life Protect denies the remaining the allegations contained in Paragraph 24 of the FAC.

25. The allegations contained in Paragraph 25 of the FAC relate to a claim Plaintiff voluntarily withdrew on March 11, 2021, and, therefore, no response is required. To the extent the allegations are construed to require a response, Life Protect did not make any calls to Plaintiff and, therefore, denies it was required to register as a telephone solicitor in Texas. Life Protect admits that it is not registered as a telephone solicitor with the Texas Secretary of State.

26. The allegations contained in Paragraph 26 of the FAC relate to a claim Plaintiff voluntarily withdrew on March 11, 2021, and, therefore, no response is required. To the extent the allegations are construed to require a response, Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 26 of the FAC and, therefore, denies the same.

27. Life Protect denies the allegations contained in Paragraph 27 of the FAC.

## **COUNT I**

28. Life Protect reiterates and incorporates herein its foregoing responses to the allegations in the FAC.

29. The allegations contained in Paragraph 29 of the FAC are not particularly directed toward Life Protect and consist of legal conclusions to which no answer is required. The requirements of the TCPA speak for themselves, and Life Protect denies any allegations contained in Paragraph 29 of the FAC that are inconsistent with the TCPA.

30. Life Protect denies the allegations contained in Paragraph 30 of the FAC.

31. Life Protect denies the allegations contained in Paragraph 31 of the FAC.

32. Life Protect denies the allegations contained in Paragraph 32 of the FAC.

33. Life Protect denies that it initiated any telephone calls to Plaintiff and, therefore, denies the allegations contained in Paragraph 33 of the FAC.

34. Life Protect denies that it initiated any telephone calls to Plaintiff and, therefore, denies the allegations contained in Paragraph 34 of the FAC.

35. Life Protect denies that it initiated any telephone calls to Plaintiff and, therefore, denies the allegations contained in Paragraph 35 of the FAC.

36. The allegations contained in Paragraph 36 of the FAC constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies any wrongdoing.

37. The allegations contained in Paragraph 37 of the FAC constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies any wrongdoing.

38. The allegations contained in Paragraph 38 of the FAC constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies that Plaintiff is entitled to any relief from Life Protect.

## COUNT II

39. Life Protect reiterates and incorporates herein its foregoing responses to the allegations in the FAC.

40. The allegations contained in Paragraph 40 of the FAC are not particularly directed toward Life Protect and consist of legal conclusions to which no answer is required. The requirements of the TCPA speak for themselves, and Life Protect denies any allegations contained in Paragraph 40 of the FAC that are inconsistent with the TCPA.

41. Life Protect denies that it initiated any calls to Plaintiff. Life Protect is without sufficient information to admit or deny the remaining allegations contained in Paragraph 41 of the FAC and, therefore, denies the same.

42. Life Protect denies the allegations contained in Paragraph 42 of the FAC.

43. The allegations contained in Paragraph 43 of the FAC constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies any wrongdoing.

44. The allegations contained in Paragraph 44 of the FAC constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies any wrongdoing.

45. The allegations contained in Paragraph 45 of the FAC constitute legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies that Plaintiff is entitled to any relief from Life Protect.

## **COUNT III**

46. Life Protect reiterates and incorporates herein its foregoing responses to the allegations in the FAC.

47. The allegations contained in Paragraph 47 of the FAC relate to a claim Plaintiff voluntarily withdrew on March 11, 2021, and, therefore, no response is required. To the extent the allegations are construed to require a response, Life Protect states that the requirements of section 302.101 of the Texas Business & Commerce Code speak for themselves, and Life Protect denies any allegations contained in Paragraph 47 of the FAC that are inconsistent with section 302.101 of the Texas Business & Commerce Code.

48. The allegations contained in Paragraph 48 of the FAC relate to a claim Plaintiff voluntarily withdrew on March 11, 2021, and, therefore, no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies any wrongdoing.

49. The allegations contained in Paragraph 49 of the FAC relate to a claim Plaintiff voluntarily withdrew on March 11, 2021, and, therefore, no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies that Plaintiff is entitled to damages, costs, or any other relief from Life Protect.

Plaintiff's "Wherefore" paragraph and jury demand of the FAC require no response. To the extent the section under the "Wherefore" paragraph of the FAC is construed to require a response, Life Protect denies the same, denies any wrongdoing, and denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Except as specifically admitted herein, each and every allegation and statement contained in Plaintiff's FAC is expressly denied.

## AFFIRMATIVE DEFENSES

Without admitting or implying that Life Protect bears the burden of proof as to any defense, Life Protect asserts the following affirmative defenses:

1. Plaintiff fails to state claims upon which relief can be granted.

2. Plaintiff lacks Article III standing, and therefore, this Court lacks subject matter jurisdiction.

3. Plaintiff's purported injuries are not traceable to Life Protect.

4. Plaintiff's Count I fails because section 227(b) of the TCPA was unconstitutional during the time period of the alleged calls at issue.

5. Plaintiff's claims are barred due to estoppel, waiver, and/or laches.

6. Life Protect did not knowingly or willfully violate any law.

7. Plaintiff seeks damages for which Life Protect is not responsible.

Life Protect reserves the right to plead any and all additional affirmative defenses, including but not limited to those enumerated in Rule 8(c) of the Federal Rules of Civil Procedure, and to likewise withdraw any affirmative defense alleged, as may be justified by evidence produced through disclosure and discovery.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's First Amended Complaint, Life Protect hereby prays that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief contained in the Plaintiff's First Amended Complaint be denied;

3. Judgment be entered in favor of Life Protect on all claims;

4. All costs, including reasonable attorney's fees and expenses, be awarded to Life Protect and against Plaintiff pursuant to applicable law; and

5. Life Protect be granted such other and further relief as this Court may deem just and proper.

Dated this 24th day of September 2021, by:

/s/ Matthew C. Arentsen
BROWNSTEIN HYATT FARBER SCHRECK, LLP
Matthew C. Arentsen, *admitted pro hac vice*
Bridget C. DuPey, *admitted pro hac vice*
410 17th Street, Suite 2200
Denver, Colorado 80202
Phone: 303.223.1100
Fax:   303.223.1111
Email:   marentsen@bhfs.com
         bdupey@bhfs.com

*Attorneys in Charge for Defendant*

Christopher M. Jordan
TX State Bar No. 4087817
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-4015
Fax: (713) 222-5834
Email:   cjordan@munsch.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, I electronically filed the foregoing **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing and service upon the following:

Jacob U. Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: jginsburg@creditlaw.com

*Attorneys for Plaintiff*

*/s/ Matthew C. Arentsen*
Matthew C. Arentsen
